## Helsel Inc. v. City of Harrisburg

*James G. Nealon III,* for plaintiff.
*Judith Brown Schimmel,* for defendant.

NATALE, *J.,* August 3, 1988—Presently before the court are Helsel Inc.'s motion for summary judgment to have the Business Privilege and Mercantile Tax declared invalid, and the City of Harrisburg's cross motion to uphold the ordinance.

## THE FACTS

In 1982, the City of Harrisburg enacted an ordinance entitled the Business Privilege and Mercantile Tax. The ordinance requires businesses operating within city limits to pay $40 yearly for a business privilege and mercantile license. In addition, the ordinance requires each "business" within the city to pay a tax on gross revenues.

Helsel Inc. is directly affected by the ordinance. Helsel, a real estate agency and broker, must also pay a biannual fee to the Pennsylvania Real Estate Commission or it is prohibited from selling real estate as a broker.

This lawsuit seeks a determination of the legality of the Business Privilege and Mercantile Tax as it

applies to Helsel. Helsel contends that the City of Harrisburg should be prohibited from taxing its business operations because it has already paid a license fee to the Pennsylvania Real Estate Commission and because the general assembly has manifested an intent to pre-empt local regulation of real estate brokers through the enactment of the Real Estate Licensing and Registration Act. 63 P.S. §455.101, et seq.

There are no material facts in dispute in this case which would preclude summary judgment. See Pa. R.C.P. 1035. The questions raised by the motions are purely legal ones which can be resolved on the basis of the record.

Political subdivisions such as the City of Harrisburg are granted the authority to enact occupational and gross income taxes by virtue of the Local Tax Enabling Act, 53 Pa.C.S. §6901 et seq. That act limits political subdivisions from taxing business activities which are already subject to a "state tax or license fee." 53 P.S. §6902(1). The legal question to be decided in this case is whether Helsel's biannual payment to the Pennsylvania Real Estate Commission constitutes a "state tax or license fee" under the Local Tax Enabling Act. The decision to that question will then determine if Helsel is entitled to an exemption of the tax imposed by the City of Harrisburg.

What constitutes a "state tax or license fee" has been addressed by the appellant courts of this commonwealth. *National Biscuit Co. v. City of Philadelphia,* 374 Pa. 604, 98 A.2d 182 (1953); *Philadelphia Coca-Cola Bottling Co. v. City of Philadelphia,* 382 Pa. 299, 115 A.2d 207 (1955); *Tax Review Board v. Smith, Kline and French Laboratories,* 437 Pa. 197, 262 A.2d 135 (1970); *City of Pittsburgh v. Allegheny Valley Bank of Pittsburgh,* 488 Pa. 544, 412 A.2d

1366 (1980). Helsel would have this court apply the standard enunciated in *National Biscuit Co.* as the test for determining its motion. The Pennsylvania Supreme Court set forth four distinguishing features of a license fee in the following manner:

"(1) that it is applicable only to a type of business or occupation which is subject to supervision and regulation by the licensing authority under its police power;

"(2) that such supervision and regulation are in fact conducted by the licensing authority;

"(3) that the payment of the fee is a condition upon which the licensee is permitted to transact his business or pursue his occupation; and

"(4) that the legislative purpose in enacting the charge is to reimburse the licensing authority for the expense of supervision and regulation conducted by it." *National Biscuit Co.* at 615-6, 98 A.2d at 119-20.

Under the *National Biscuit Co.* case, if a fee paid to the commonwealth by a business fits the features indicated above, municipalities would be prohibited from imposing a similar mercantile license tax against those businesses paying that fee. *Id.* However, in 1970, the rules of the game changed. In *Tax Review Board v. Smith, Kline and French Laboratories, supra,* the Pennsylvania Supreme Court held that the words "state tax and license fee" meant fees paid to the commonwealth for producing revenue. 437 Pa. at 202, 262 A.2d at 138. Thus, when the commonwealth has enacted a revenue-producing measure covering the same person, transaction, occupation, activity, privilege, subjects or personal property, the taxing authority granted to the cities under the Sterling Act (now the Local Tax Enabling Act) is ousted. *Id.* The court stated a revenue measure can be identified by: (1) the large

monetary income derived, and (2) the large income compared to the costs of collection and supervision. *Id.* Despite its holding, the *Smith, Kline* court still indicated that the four requirements laid down in the *National Biscuit Co.* case could still be used as a guide for determining the existence of a "regulatory" license fee.

The *Smith, Kline* decision has fundamentally changed the approach established in *National Biscuit Co.* Instead of conclusively showing that the commonwealth fee was regulatory by meeting the four standards in *National Biscuit Co.*, a complainant must now show that the fee was "revenue producing" in order to gain the exemption.

This court cannot accept Helsel's argument that the *National Biscuit Co.* decision should be controlling for its motion. Even though the *Smith, Kline* opinion includes a vigorous dissent, and has been criticized by at least one court (according to Helsel), it is the controlling law for deciding Helsel's motion. Therefore, Helsel must show that the biannual fee it pays to the Pennsylvania Real Estate Commission is a "revenue-producing" measure identified by a large monetary amount derived, and a large net income over the cost of collection and supervision.

Helsel submits that even under the *Smith, Kline* decision, the attributes of the biannual fee it pays to the Real Estate Commission are significant enough to trigger the exemption language of the Local Tax Enabling Act. This court disagrees.

While it is true that the biannual fee does generate a substantial amount of revenue, that revenue, according to the record, is offset by costs of collection and/or enforcement. Thus, Helsel has not shown that the biannual fee is a "state tax or license fee" under the *Smith, Kline* decision.

Helsel also submits that enactment of the Real

Estate Licensing and Registration Act itself is evidence that the General Assembly intended to preempt any local action regulating or taxing real estate brokers just as the General Assembly preempts in the banking, liquor and horse racing industries. Again, the court is constrained to disagree with Helsel. The General Assembly has enacted a comprehensive scheme of regulation for virtually all aspects of the banking, liquor, and horse racing fields. The real estate trade, in comparison, is one of many occupations licensed by the state merely to prevent abuses within those occupations. The Real Estate Licensing and Registration Act is not a comprehensive scheme and for that reason there is no intent on the part of the General Assembly to preempt the Local Tax Enabling Act.

Therefore, the court hereby denies Helsel Inc.'s motion for summary judgment and grants City of Harrisburg's cross motion for summary judgment.

## ORDER

And now, August 3, 1988, plaintiff's motion for summary judgment is denied. Defendant's cross motion for summary judgment is granted.